UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
ELIJAH DAVIS,

                        Plaintiff,              **CIVIL CASE NUMBER 1:23-CV-18**

                                                **COMPLAINT**

        -against-
                                                **JURY TRIAL DEMANDED**

                                                **ECF CASE**

THE CITY OF NEW YORK, SGT David Pabon, Shield
No. (Unknown), Individually and in his Official Capacity,
DET Jason Vasquez, Shield No. 4851, Individually and in
his Official Capacity, DET David J. Demelia, Shield #
002215, Individually and in his Official Capacity, DET
Mark Oconnell, Shield # 005367, Individually and in his
Official Capacity, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name
"John Doe" being fictitious, as the true names are
presently unknown),

                        Defendants.
-----------------------------------------X

        Plaintiff, Elijah Davis, by his attorneys, German Rubenstein LLP, complaining of the

defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

### JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C.

§1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States

Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff Elijah Davis is an African American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.    Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department (the "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.    That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK operated the NYPD as part of and in conjunction with its municipal function.

10.    That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK managed the NYPD as part of and in conjunction with its municipal function.

11.    That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK controlled the NYPD as part of and in conjunction with its municipal function.

12.     That at all times hereinafter mentioned, THE CITY OF NEW YORK employed detective and police officers, known as SGT David Pabon, Individually and in his Official Capacity, DET Jason Vasquez, Shield No. 4851, Individually and in his Official Capacity, DET David J. Demelia, Shield # 002215, Individually and in his Official Capacity, DET Mark Oconnell, Shield # 005367, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-#10, individually and in their Official Capacities, to work as representatives of THE CITY OF NEW YORK.

13.     That at all times hereinafter mentioned, THE CITY OF NEW YORK employed detective and police officers, known as SGT David Pabon, Individually and in his Official Capacity, DET Jason Vasquez, Shield No. 4851, Individually and in his Official Capacity, DET David J. Demelia, Shield # 002215, Individually and in his Official Capacity, DET Mark Oconnell, Shield # 005367, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-#10, individually and in their Official Capacities, to work for, and as representatives of, the NYPD.

14.     Upon information and belief, the defendants worked out of command 730 for, and as representatives of, the NYPD.

15.     Upon information and belief, SGT David Pabon's Tax Reg. No. was 939158.

16.     That at all times hereinafter mentioned, THE CITY OF NEW YORK employed detective, police officers, agents, and representatives to work in what was known as DT3 within the NYPD.

17.     That at all times hereinafter mentioned, THE CITY OF NEW YORK employed detective, police officers, agents, and representatives to work in what was known as NARCBBX within the NYPD.

18.     That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK had the duty to ensure that the actions, activities and behavior of its said servants, agents, detectives, police officers, and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

19.     That at all times hereinafter mentioned, the defendant NYPD had the duty to ensure that the actions, activities and behavior of its said servants, agents, detectives, police officers, and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

20.     That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, had the duty to ensure that its said servants, agents, detectives, police officers, and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

21.     That at all times hereinafter mentioned, the defendant the NYPD, had the duty to ensure that its said servants, agents, detectives, police officers, and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

22.     That at all times hereinafter mentioned, the individually named defendants, SGT David Pabon, Individually and in his Official Capacity, DET Jason Vasquez, Shield No. 4851, Individually and in his Official Capacity, DET David J. Demelia, Shield # 002215, Individually and in his Official Capacity, DET Mark Oconnell, Shield # 005367, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-#10, individually and in their Official Capacities, were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

23.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

24.     Each, and all, of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

25.     Each, and all, of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment with the NYPD.

26.     Each, and all, of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

27.     Each, and all, of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment with the NYPD.

## FACTS

28.     That on or around January 23, 2020, at approximately 3:12 PM, the plaintiff was arrested for allegedly selling heroin direct to an undercover with marked money, in front of 2037 Jerome Avenue, Bronx, New York.

29.     The arresting officer ID was 941163.

30.     The arresting officer ID 941163 belongs to DET Jason Vasquez, Shield No. 4851.

31.     Thereafter, the defendants transported plaintiff to the 46th Precinct stationhouse in the Bronx.

32.     The defendants then took Plaintiff to the holding cell area of the 46th Precinct.

33.     Before placing him inside the holding cell for male inmates, the defendants forced Plaintiff to stand in front of the female holding cell, where the defendants, and SGT David Pabon in particular, began a strip search of the plaintiff.

34.     The defendants, and SGT David Pabon in particular, then undid the plaintiff's pants.

35.     The defendants, and SGT David Pabon in particular, then opened plaintiff's pants, stuck his hand inside plaintiff's boxers, and started fondling and squeezing plaintiff's testicles and penis.

36.     Upon information and belief, the defendants conspired to allow the defendants, and SGT David Pabon in particular, to sexually assault and abuse plaintiff and failed to disclose and report and covered up such abuse and assault.

37.     At plaintiff's initial court proceeding, Plaintiff advised the Court and representatives of the both the defendants and the assistant district attorney that the defendants had sexually assaulted and abused plaintiff.

38.     At said arraignment, Plaintiff advised the Court and representatives of the defendants that there was a video camera in the holding cell area that he believed recorded the sexual assault and abuse.

39.     Thereafter, Plaintiff filed a civilian complaint with the Civilian Complaint Review Board – CCRB case number 202000781.

40.     That on or around the 18th day of November, 2020, at approximately 2:47 PM, defendants were present at the corner of West Burnside Avenue and Jerome Avenue.

41.     That on or around the 18th day of November, 2020, at approximately 2:47 PM, defendants placed envelopes containing a beige powdery substance, which allegedly was heroin,

on plaintiff's person while he was present in the vicinity of the corner of West Burnside Avenue and Jerome Avenue.

42.     That on or around the 18th day of November, 2020, the defendants arrested plaintiff, charging him with Criminal Possession of a Controlled Substance in the Seventh Degree (PL § 220.03).

43.     The arresting officer ID was again 941163.

44.     The arresting officer ID 941163 belongs to DET Jason Vasquez, Shield No. 4851.

45.     At no time on 18th day of November, 2020, however, did plaintiff possess or even attempt to possess a Controlled Substance, as defined pursuant to PL § 220.03.

46.     Plaintiff was again taken to the 46th Precinct.

47.     Plaintiff remained at the 46th Precinct until his arraignment.

48.     Defendants knew from the outset that plaintiff had not committed this offense – nor, for that matter, any offense – but nonetheless charged him with a crime in order to conceal their own unlawful and grossly improper use of force and in retaliation as a result of plaintiff complaining about defendants' prior abusive, sexual assault, and improper acts.

49.     Thereafter, defendants, and DET Jason Vasquez and DET David Demelia filled out and submitted false and misleading police reports and statements and forwarded these reports and statements to prosecutors in the New York County District Attorney's Office.

50.     The above charge and criminal proceeding relating to plaintiff's November 18, 2020 arrest was disposed of on May 17, 2021, when the charges against him were dismissed.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained above with the same force and effect as if fully set forth herein.

52.     All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.

53.     All of the aforementioned acts deprived plaintiff ELIJAH DAVIS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

54.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

56.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.     The acts complained of deprived plaintiff ELIJAH DAVIS of his rights:

    a.   Not to have sexual force and assault imposed upon him;

    b.   Not to have excessive force imposed upon him;

    c.   Not to have summary punishment imposed upon him; and

    d.   Not to be falsely arrested and prosecuted;

    e.   Not to have evidence planted on him;

    f.   To receive equal protection under the law.

58.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**SECOND CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. §1983**

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

60.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff Elijah Davis's constitutional rights.

61.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**THIRD CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

63.     As a result of defendants' aforementioned conduct, plaintiff Elijah Davis was subjected to an illegal, improper, and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

64.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

65.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily

injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

67.     Defendants searched plaintiff Elijah Davis in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

68.     As a result of the foregoing, plaintiff Elijah Davis was subjected to an illegal and improper search.

69.     The foregoing unlawful search violated plaintiff Elijah Davis's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

70.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF - UNLAWFUL SEARCH AND
## UNLAWFUL SEXUAL ASSUALT UNDER 42 U.S.C. § 1983

71.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

72.     Defendants subjected plaintiff to an illegal and improper search in that defendants grabbed, squeezed, and fondled plaintiff's genitals during the January 23, 2021 search at the 46th Precinct.

73.     The foregoing unlawful search violated plaintiff Elijah Davis's constitutional

right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United

States Constitution.

74.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily

injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional

rights.

**SIXTH CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

the paragraphs above with the same force and effect as if fully set forth herein.

76.     Upon information and belief, defendants misrepresented and falsified evidence

before the District Attorney.

77.     Upon information and belief, defendants did not make a complete and full

statement of facts to the District Attorney.

78.     Upon information and belief, defendants withheld exculpatory evidence from the

District Attorney.

79.     Upon information and belief, defendants misrepresented and falsified evidence

before the Grand Jury.

80.     Upon information and belief, defendants did not make a complete and full

statement of facts to the Grand Jury. Defendants withheld exculpatory evidence from the Grand

Jury.

81.     Upon information and belief, defendants were directly and actively involved in

the initiation of criminal proceedings against plaintiff.

82.     Upon information and belief, defendants lacked probable cause to initiate criminal

proceedings against plaintiff.

83.     Upon information and belief, defendants acted with malice in initiating criminal proceedings against plaintiff.

84.     Upon information and belief, defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

85.     Upon information and belief, defendants lacked probable cause to continue criminal proceedings against Mr. Guzman.

86.     Upon information and belief, defendants acted with malice in continuing criminal proceedings against plaintiff.

87.     Upon information and belief, defendants misrepresented and falsified evidence throughout the criminal proceedings.

88.     Notwithstanding the above, the above charge and criminal proceeding was disposed of on May 17, 2021, when the charges against him were dismissed.

89.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### SEVENTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

90.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

91.     Defendants issued legal process to place plaintiff ELIJAH DAVIS under arrest.

92.     Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

93.     Defendants acted with intent to do harm to plaintiff ELIJAH DAVIS, without excuse or justification.

94.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**EIGTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY**

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs above as if the same were more fully set forth at length herein.

96.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

97.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

98.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff ELIJAH DAVIS.

99.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by ELIJAH DAVIS as alleged herein.

100.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ELIJAH DAVIS as alleged herein.

101.    As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department, plaintiff ELIJAH DAVIS was subjected to unlawful sexual assault resulting in permanent and disabling injuries.

102. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ELIJAH DAVIS.

103. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ELIJAH DAVIS' constitutional rights.

104. All of the foregoing acts by defendants deprived plaintiff ELIJAH DAVIS of federally protected rights, including, but not limited to, the right:

      a. Not to have excessive force imposed upon him;

      b. Not to be sexually assaulted by a police officer;

      c. Not to have summary punishment imposed upon him; and

      d. Not to be falsely arrested and prosecuted;

      e. Not to have evidence planted on him;

      f. To receive equal protection under the law.

105. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**NINTH CLAIM FOR RELIEF**
**CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS**

106. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs above as if the same were more fully set forth at length herein

107. Defendants conspired and acted in concert to do whatever was necessary, lawful

or not, to cause the arrest, prosecution, pretrial detention, conviction and imprisonment of plaintiff ELIJAH DAVIS.

108.   Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause to believe plaintiff guilty of any crime.

109.   Pursuant to the conspiracy, upon information and belief, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiff ELIJAH DAVIS: (a) manufactured false evidence; (b) gave false testimony, statements, information and/or evidence and/or pressured, bribed, coerced and induced witnesses to give untruthful, erroneous, incomplete and/or misleading statements and testimony; (c) failed to correct such false statements and testimony; and (d) withheld from the grand jury, petit jury and trial judge evidence favorable to the accused on the issue of guilt or innocence.

110.   The aforesaid conduct of defendants operated to deprive plaintiff ELIJAH DAVIS of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

      a. Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

      b. Not to be deprived of his liberty or to be arrested, indicated, prosecuted or imprisoned based upon evidence fabricated and /or planted by a government official;

   c. Not to be deprived of his liberty or to be arrested, indicted, prosecuted or imprisoned based upon the testimony of witnesses who had been illegally bribed or influenced for their testimony;

   d. Not to be deprived of his liberty or to be arrested, indicted, prosecuted or imprisoned based upon the false statements by the defendants; and

   e. To timely disclosure of all evidence favorable to the defense on the issues of guilt or innocence and/or punishment, pursuant to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

111.   The foregoing violations of plaintiff ELIJAH DAVIS's constitutional rights by defendants directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty.


**WHEREFORE**, plaintiff ELIJAH DAVIS demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages, ten million dollars ($10,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.


Dated: December 30, 2022
      New York, New York


BY: _____
      Joel M. Rubenstein
      German Rubenstein, LLP
      Attorneys for Plaintiff
      19 West 44th Street
      Suite 1500
      New York, NY 10036
      (212) 704-2020